**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4864**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

JOHN BARRY MCLENDON, a/k/a Dog,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:99-cr-00024-FDW-14)

───────────

Submitted:  May 5, 2015               Decided:  May 18, 2015

───────────

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Denzil H. Forrester, THE LAW OFFICES OF DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted John Barry McLendon of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2012). The district court originally sentenced McLendon to 324 months of imprisonment, followed by five years of supervised release. The court subsequently lowered McLendon's sentence twice on his 18 U.S.C. § 3582(c)(2) (2012) motions, based on two retroactively-applicable amendments to the Guidelines that lowered the offense levels for offenses involving crack. The court first lowered the sentence to 262 months of imprisonment, and later reduced the sentence to time-served plus 10 days.

After his release, McLendon pleaded guilty to violating the terms of his supervised release and the district court sentenced McLendon to six months of imprisonment, followed by a further three years of supervised release. McLendon now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the revocation sentence is reasonable. McLendon was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable, generally following the procedural and substantive

2

considerations employed in reviewing original sentences. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2012) and 18 U.S.C. § 3553(a) (2012), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted). While the court must provide a statement of reasons for the sentence imposed, this statement "need not be as detailed or specific" as that required for an original sentence. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We have thoroughly reviewed the record and conclude that the sentence imposed is both procedurally and substantively reasonable; it follows, therefore, that the sentence is not plainly unreasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform McLendon, in writing, of the right to petition the Supreme Court of the United States for further review. If McLendon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McLendon.  We dispense with oral argument because the facts and legal  contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>